FILED IN CLERK'S OFFICE
U S D C  Atlanta

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

AUG 2 9 2006

JAMES N. HATTEN, Clerk
By: JKPinckney Deputy Clerk

In re Application of: )
)
)
ROZ TRADING LTD. )
Elizabeth Square )
P.O. Box 847 ) Case No. 1 06-MI-0259
Grand Cayman )
Grand Cayman Islands )
British West Indies )
)
Applicant. )
)

**APPLICATION OF ROZ TRADING LTD. FOR AN ORDER
DIRECTING THE COCA-COLA COMPANY TO PRODUCE
DOCUMENTS PURSUANT TO 28 U.S.C. § 1782
<u>FOR USE IN A PROCEEDING BEFORE A FOREIGN TRIBUNAL</u>**

Pursuant to 28 U.S.C. § 1782, ROZ Trading Ltd. ("ROZ") respectfully applies for an order directing The Coca-Cola Company to produce the documents identified in Appendix A to the attached Proposed Order for use in a proceeding pending before a tribunal in Vienna, Austria.[1] In the Vienna proceedings, ROZ seeks compensation for its forced eviction, exclusion, and substitution in a

---

[1] Notice of this Application is being provided contemporaneously to counsel for The Coca-Cola Company

successful joint venture -- with the Government of Uzbekistan and The Coca-Cola Export Corporation -- operating a Coca-Cola bottling franchise in Uzbekistan.[2]

Among the acts intended to exclude ROZ from the joint venture and indeed drive it out of the country, the Uzbekistani Government terrorized ROZ, detaining some individuals associated with ROZ and threatening and harassing others. In 2001, literally fearing for their lives, the managers and directors of ROZ fled Uzbekistan. Consequently, they were unable to bring with them critical documents concerning the joint venture's formation and operation. As the parent of one of the joint venture members and itself intimately involved in its formation and operation, The Coca-Cola Company possesses many of the documents from which ROZ has been excluded by its compelled departure from Uzbekistan. It is these documents that ROZ needs to substantiate further its claims before the tribunal in Vienna.

## JURISDICTION

1. This Court may properly exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

---

[2] The Statement of Claims that was filed in Vienna is attached (without corresponding exhibits) as Exhibit 1 hereto

## PARTIES

3. Applicant ROZ Trading Ltd. ("ROZ") is a limited liability company, located at Elizabeth Square, P.O. Box 847, Grand Cayman, Grand Cayman Islands, British West Indies. ROZ is organized under the laws of the Cayman Islands, and its principal place of business is New Jersey. ROZ is a subsidiary of ROZ Group, Inc., a New Jersey corporation, with its principal place of business in Morristown, New Jersey.

4. The Coca-Cola Company is a Delaware corporation with its principal place of business in Atlanta, Georgia.

## 28 U.S.C. SECTION 1782(a)

5. Section 1782(a) of Chapter 28 of the U.S. Code provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the

document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege . . . .

### FOREIGN TRIBUNAL

6. ROZ initiated proceedings in the International Arbitral Centre of the Austrian Federal Economic Chamber in Vienna ("the Centre") by filing a Statement of Claims on June 6, 2006. The Centre reports that all Respondents have been served.

### INTERESTED PARTY

7. ROZ is an "interested party," within the meaning of § 1782, because it is a Claimant in the Vienna proceeding.

### SUPPORT FOR ORDER

8. As set forth more fully in the attached Memorandum of Points and Authorities, § 1782 provides this Court authority to grant ROZ's Application, and the circumstances of this case counsel that it should exercise the discretion to do so.

9. On information and belief, The Coca-Cola Company has custody and control over the documents specified in Appendix A to the Proposed Order. Indeed, in a November 28, 2001 letter from Deval L. Patrick, the former Executive Vice President and General Counsel of The Coca-Cola Company, The Coca-Cola Company indicated that it does have custody and control over numerous corporate documents relating to Coca-Cola Bottlers Uzbekistan ("CCBU"). In that letter, The Coca-Cola Company offered to give ROZ access to "any CCBU corporate papers in [Coca-Cola's] possession."[3]

10. The documents specified in Appendix A to the Proposed Order provide documentary evidence essential to supporting ROZ's claims pending in the Vienna proceeding.

11. ROZ does not have access to these documents through the Vienna proceeding as The Coca-Cola Company is not a party to that action. The foreign tribunal, therefore, lacks authority to order the production of these documents.

12. Before filing this Application, ROZ, through its counsel, asked The Coca-Cola Company to provide the relevant documents. ROZ took this step in an effort

---

[3] The letter is attached as Exhibit 2 hereto.

to avoid formal litigation and the necessity of filing this application with this Court. Counsel for The Coca-Cola Company declined this request in its entirety.[4]

13. ROZ does not seek privileged documents.

14. ROZ has deliberately sought production of a limited number of specific documents as listed in Appendix A to the Proposed Order.

15. The production of responsive documents would not be overly burdensome or oppressive for The Coca-Cola Company.

WHEREFORE, ROZ prays for an order directing The Coca-Cola Company to produce documents that are responsive to the Request for Production of Documents that accompanies the Proposed Order.[5] In addition, ROZ prays for such other and further relief as the Court may deem just and proper. A Proposed Order is attached.

---

[4] Correspondence from counsel for The Coca-Cola Company is attached as Exhibit 3 hereto

[5] ROZ reserves the right to request additional documents and deposition testimony at a later date.

August 29, 2006                          Respectfully submitted,

*[signature]*
Frank A. Lightmas, Jr.
GA Bar # 452325
Lightmas & Delk
Suite 1150, The Peachtree
1355 Peachtree Street, NE
Atlanta, GA 30309
TEL: (404) 876-3335
FAX: (404) 876-3338
EMAIL: franklightmas@mindspring.com

*[signature]*
Stuart H. Newberger
Alan W.H. Gourley
Clifton S. Elgarten
Alyssa Gsell
Sobia Haque
Peter J. Eyre
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
TEL: (202) 624-2500
FAX: (202) 628-5116
EMAIL: snewberger@crowell.com

Attorneys for Applicant

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

|  |  |
|---|---|
| In re Application of:<br><br>ROZ TRADING LTD.<br>Elizabeth Square<br>P.O. Box 847<br>Grand Cayman<br>Grand Cayman Islands<br>British West Indies<br><br>       Applicant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PROPOSED ORDER**

Upon consideration of ROZ's Application for discovery pursuant to 28 U.S.C. § 1782, IT IS

HEREBY ORDERED, that ROZ's Application be granted;

IT IS FURTHER ORDERED, that The Coca-Cola Company produce all documents responsive to ROZ's Request for Production of Documents, which is attached as Appendix A to this Order.

IT IS SO ORDERED.

_____
U.S. District Judge